UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| THOMAS DOUGHTY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHT ENGERY SERVICES, LLC<br><br>Defendant. | Case No.: 1:24-cv-00175<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT<br><br>AND<br><br>VIOLATIONS OF THE TEX. BUS. & COMMERCE C. §302.101, 304.052, & § 305.053(A)<br><br>**JURY TRIAL DEMANDED** |

1. THOMAS DOUGHTY ("Plaintiff") brings this action individually and on behalf of all others similarly situated for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of BRIGHT ENGERY SERVICES, LLC. ("Defendant" or "Bright Energy"), in negligently and/or willfully contacting consumers for solicitation purposes on their telephone numerously after being requested to stop calling, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading their privacy. Plaintiff additionally alleges that Defendant has violated the anti-telemarketing laws of the state of Texas, including Tex. Bus. & Commerce C. §302.101, 304.052, & § 305.053(a). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and/or text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched

CLASS ACTION COMPLAINT - 1

to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims out of violations of federal law.

4. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant committed a substantial part of the acts giving rise to Plaintiff's claims in this District, as Plaintiff resides in this District and Defendant directed its communications to Plaintiff's cellular telephone number in this District.

## PARTIES

5. Plaintiff is a citizen and resident of the State of Texas, and at all times mentioned herein was, a citizen and resident of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10), a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27), and a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

6. Defendant is, and at all times mentioned herein was, a corporation of the State of Texas. Defendant maintains its principal place of business in Allen, Texas.

7. Defendant is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(10) and a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27), and a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

8. Additionally, Defendant was a "telemarketer" under Tex. Bus. & Com. Code § 304.002(8) because it made telemarketing calls.

## FACTUAL ALLEGATIONS

9. On April 11, 2023, a call from Defendant was placed to Plaintiff.

CLASS ACTION COMPLAINT - 2

10. An additional ten (10) calls were either missed or declined between the first call on April 11, 2023, and April 14, 2023.

11. On April 14, 2023, Plaintiff placed a call to Defendant at (512) 615-2636 to find out who was calling him.

12. When Plaintiff called the number back to see who was calling him, Defendant's employee Rachael advised they were Bright Solar.

13. Rachael asked Plaintiff if he was still interested in going solar, despite Plaintiff never having inquired about solar.

14. Rachael continued to attempt to convince Plaintiff to set an appointment, but Plaintiff advised he was out of town and would call back when he was ready in an attempt to get a working number for the Defendant so that he could identify them and to determine who was behind the calls to his phone.

15. On or about April 21, 2023, Plaintiff answered a call from Defendant (512) 615-2636. Plaintiff could not hear anyone of the line, and said "STOP CALLING" and then disconnected the call.

16. Again, on or about April 21, 2023, Plaintiff received a call from Defendant this time from (512) 615-2648. Plaintiff spoke with Arron, who asked for "Frank".

17. Plaintiff said he was "Frank", again in effort to discern who was actually calling him. Arron asked if he was ready to set an appointment. Plaintiff then asked Arron for the Company name and if he could call Arron back on the number he called from, and Arron said Bright Solar and he would call Plaintiff back. Plaintiff advised that he receives too many calls and that he would call him back.

18. On or about April 29, 2023, Plaintiff received another call from the Defendant and could not hear anyone on the line and again said "STOP CALLING" disconnected the call.

19. On or about May 1, 2023, Plaintiff received another call from the Defendant and could not hear anyone on the line and again said "STOP CALLING" disconnected the call.

20. Later on or about May 1, 2023, Plaintiff made an outbound call from his personal cell phone ending in 0995 to find out who they were and told them to "Stop hounding me, stop calling" and then he would call them back.

21. Again, on May 1, 2023, Plaintiff received another call from Defendant's representative Rachael looking for "Frank." Plaintiff told Rachael to "STOP HOUNDING ME, STOP CALLING" and he would call back.

22. On or around May 2, 2023, Plaintiff received a call from the Defendant and could not hear anyone on the line and again said "STOP CALLING" and disconnected the call.

23. On or around May 2, 2023, Plaintiff received a second call from the Defendant within the same minute, and again could not heard anyone on the line, so he said "STOP CALLING" and disconnected the call.

24. On or around January 6, 2024, Defendant called to set up appointment at his Kempner address and Plaintiff did so to find out exactly who Defendant was. Defendant however cancelled the visit and advised it was because they cannot install on modular homes.

25. On or around January 8, 2024, Plaintiff made an outbound call to Defendant at (951) 234-0835 to try to get them to come out and find out who they really make calls for.

26. Plaintiff requested that Defendant stop calling him and place him on their do not call list multiple times.

CLASS ACTION COMPLAINT - 4

27. Despite these requests, Defendant continued to place calls to Plaintiff's phone, placing at least 138 calls to Plaintiff since its call on April 11, 2023.

28. On information and belief, the Defendant does not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

29. On information and belief, the Defendant does not train its employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R § 64.1200(d)(2).

30. On information and belief, Defendant failed to place Plaintiff on the do-not-call list, despite his requests to no longer be called. Instead, Defendant continued to place calls to Plaintiff's telephone, in violation of 47 C.F.R § 64.1200(d)(3).

31. On information and belief, Plaintiff has received over one hundred calls from the Defendant.

32. Despite those assurances, Plaintiff continues to receive bothersome and harassing calls to his cellular telephone every day, featuring the same prerecorded message.

33. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

34. Defendant's calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), in that they are calls to a recipient within the United States, not made for emergency purposes or with the prior express consent of Plaintiff, using a prerecorded voice, to a telephone number assigned to a cellular telephone service for which Plaintiff is charged for such calls.

# **CLASS ALLEGATIONS**

Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, as a member of the two proposed classes (hereinafter, together, the "Classes").

35. The class concerning Defendant's internal do not call violations (hereinafter, the "Internal DNC Class") is defined as follows:

> All persons within the United States who received a call from by Defendant for purposes of solicitation after requesting that Defendant stop calling them and place their number on Defendants' internal do not call list, from August 6, 2020 through the date of class certification.

36. The class concerning Defendant's violations of Texas law (hereinafter, the "Texas Class") is defined as follows:

> All persons in Texas who received a call from the Defendant for purposes of solicitation, from August 6, 2020 through the date of class certification.

37. Plaintiff represents, and is a member of, the Internal DNC Class, consisting of all persons within the United States who received a call from Defendant that promoted Defendant's products or services after requesting that Defendant stop calling them and place their number on Defendant's internal do not call list, within four years prior to the filing of the complaint through the date of class certification.

38. Plaintiff represents, and is a member of, the Texas Class, consisting of all persons in Texas who received a call from the Defendant for purposes of solicitation, from August 6, 2020 through the date of class certification.

39. Defendant, its employees and agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the members number in the

thousands, if not more. Thus, this matter should be certified as a Class Action to assist in its expeditious litigation.

40.     The Classes are so numerous that the individual joinder of all its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes an thereon alleges that the exact number and identities of all members may be ascertained by records maintained by Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Internal DNC Class members via their telephones for solicitation purposes, thereby invading their privacy. Plaintiff and the Internal DNC Class members whose had requested that Defendant stop contacting them.  Plaintiff and the Internal DNC Class members were damaged thereby.

41.     Plaintiff and members of the Internal DNC Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Internal DNC Class members after they had requested that Defendant stop calling them, thereby invading their privacy. Plaintiff and the Internal DNC Class members were damaged thereby.

42.     Plaintiff and members of the Texas Class were harmed by the acts of Defendants in at least the following ways: Defendant illegally contacted Plaintiff and Texas Class members without complying with Texas Law, thereby invading their privacy. Plaintiff and the Texas Class members were damaged thereby.

43.     Common questions of common to the Internal DNC Class members, and which may be determined without reference to the individual circumstances of any Internal DNC Class members include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or its agents placed more than one telemarketing/solicitation call to any Internal DNC Class member who had previously requested that Defendant place their telephone number on Defendant's internal do not call list.

b. Whether Defendant maintains proper procedures and policies on the use of do-not-call lists as required by 47 C.F.R. § 64.1200;

c. Whether Plaintiff and the Internal DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

44. As a person that received numerous solicitation telephone calls from Defendant within a 12-month period, and who had previously requested that Defendant stop contacting him, Plaintiff is asserting claims that are typical of the Internal DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the Internal DNC Class in that Plaintiff has not interests antagonistic to all members of the Texas Class which predominate over any questions affecting only individual members of the Texas Class. These common legal and factual questions, which do not vary between Texas Class members, and which may be determined without reference to the individual circumstances of any Texas Class members include, but are not limited to, the following: any member of the Internal DNC Class.

a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants or their agents placed any calls in violation of the TCPA or any provisions under the TCPA;

      b.   Whether Defendants failed to register as telemarketers in Texas prior to placing such calls;

      c.   Whether Plaintiff and the Texas Class members were damaged thereby, and the extent of damages for such violations; and

      d.   Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

45. As a person that received numerous solicitation calls from Defendants in Texas, Plaintiff is asserting claims that are typical of the Texas Class.

46. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

47. A class action is superior to the other available methods of fair and efficient adjudication of this controversy since individual litigation of the claims of all class members is impracticable. Even if every member of the Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contract, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Classes.

48. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

of the interests of the other members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

49.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law. The intent of the members of The Class in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50.   Defendant has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(C)**
**(ON Behalf Of The INTERNAL DNC CLASS)**

51.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and its related regulations; every one of the above-cited provisions of 47 U.S.C. § 227(c).

53.   Specifically, the regulations implementing the TCPA provide that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of person who request not to receive telemarketing calls…" 47 C.F.R. § 64.1200(d).

54. The same regulations provide that the person or entity must have a written do-not-call policy, available upon demand, and must inform and train all persons engaged in telemarketing on the existence and use of the "do-not-call" list.

55. Additionally, Defendants were not to place more than one call within a year to any individual on the national do-not-call list.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

57. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**
**(ON Behalf Of The INTERNAL DNC CLASS)**

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, and its related regulations; including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c).

60. Specifically, the regulations implementing the TCPA provide that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of person who request not to receive telemarketing calls…" 47 C.F.R. § 64.1200(d).

61. The same regulations provide that the person or entity must have a written do-not-call policy, available upon demand, and must inform and train all persons engaged in telemarketing on the existence and use of the "do-not-call" list.

62. Additionally, Defendants were not to place more than one call within a year to any individual on the national do-not-call list.

63. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Internal DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

64. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## VIOLATION OF TEX. BUS. & COMMERCE C. §302.101
### ON BEHALF OF THE TEXAS CLASS

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state, or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

67. Defendants did not obtain a registration certificate from the Office of the Secretary of State of Texas prior to engaging in telemarketing directed at individuals in Texas.

68. Defendants violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State.

69. Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff and each member of the Texas Class is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

70. In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF TEX. BUS. & COMMERCE C. §304.052**
**ON BEHALF OF THE TEXAS CLASS**

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Pursuant to § 304.052 of the Texas Business & Commerce Code, a telemarketer may not make a telemarketing call to a telephone number published on the Texas no-call list more than 60 days after the date the telephone number appears on the current list.

73. Plaintiff and Texas Class's Members telephone numbers appeared on the Texas no-call list more than 60 days prior to the calls placed by Defendants.

74. Defendants placed such calls knowingly or willfully and thus Plaintiff and each Texas Class Member is entitled to up to $500 for each call.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF TEX. BUS. & COMMERCE C. §305.053(A)**
**ON BEHALF OF THE TEXAS CLASS**

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. Pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that

provision, may bring an action against the person who originates the communication for an injunction, damages or both.

77. As set forth above, Defendant's calls violate the TCPA because they violated the national do-not-call regulations the internal do-not-call regulations, and the anti-spoofing regulations of 47 C.F.R. § 64.1601(e).

78. Plaintiff and each Texas Class Member is entitled to a permanent injunction, and the greater of $500.00 for each violation or actual damages for each call.

79. Plaintiff and each Texas Class Member is entitled to an additional $1,500 per call if Defendants' actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 .S.C. §227(c)**

- This matter be certified as a Class Action on behalf of the Internal DNC Class and Plaintiff be appointed class representative for this class and Plaintiff's counsel be appointed class counsel.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff, on behalf of himself and each Internal DNC Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)**

- This matter be certified as a Class Action on behalf of the Internal DNC Class and Plaintiff be appointed class representative for both classes and Plaintiff's counsel be appointed class counsel.

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)*, Plaintiff and the Internal DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)(B)*.

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION
**Violation of TEX. BUS. & COMMERCE C. §302.101**

- This matter be certified as a Class Action on behalf of the Texas Class and Plaintiff be appointed class representative for the Texas Class and Plaintiff's counsel be appointed class counsel.

- Plaintiff and each member of the Texas Class be awarded no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

- All reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

- Any other relief the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
**Violation of TEX. BUS. & COMMERCE C. §304.052**

- This matter be certified as a Class Action on behalf of the Texas Class and

- Plaintiff be appointed class representative for the Texas Class and Plaintiff's counsel be appointed class counsel.

- Plaintiff and each member of the Texas Class be awarded no more than $500 for each call placed knowingly or willfully by Defendants.

- Any other relief the Court may deem just and proper.

### FIFTH CAUSE OF ACTION
### Violation of TEX. BUS. & COMMERCE C. §305.053(A)

- This matter be certified as a Class Action on behalf of the Texas Class and Plaintiff be appointed class representative for the Texas Class and Plaintiff's counsel be appointed class counsel.

- A permanent injunction against Defendants for their conduct.

- Plaintiff and each member of the Texas Class be awarded $500.00 for each violation.

- Plaintiff and each member of the Texas Class be awarded $1,500.00 for each knowing or intentional violation.

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

80. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 21, 2024

By:   /s/ Alex D. Kruzyk
Alex D. Kruzyk
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
T: (561) 726-8444
akruzyk@pkglegal.com

CLASS ACTION COMPLAINT - 16

*/s/ Todd M. Friedman**
Todd M. Friedman (*Pro Hac Vice Pending*)
Law Offices of Todd M. Friedman P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
T: (323) 306-4234
tfriedman@toddflaw.com

*Counsel for Plaintiff and the proposed class*